UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLOS SANCHEZ-MURILLO,<br><br>                    Plaintiff,<br>     v.<br>TASHEENA D. COOKE, *et al.*,<br><br>                    Defendants. | Case No. 3:24-cv-00350-MMD-CSD<br><br>ORDER |

Plaintiff Carlos Sanchez-Murillo brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correctional Center. (ECF No. 1-1.) On September 18, 2024, the Court entered a docket entry noting that the Nevada Department of Corrections had completed a change of custody levels at High Desert State Prison and Ely State Prison. (ECF No. 5.) In light of the significant movement of inmates, and in the interest of judicial economy, the Court added the law library at High Desert State Prison to receive notices for inmates who were previously incarcerated at Ely State Prison. (*Id.*) However, the Court also noted that inmates must file a written notice of their change of address within 60 days. (*Id.*)

Sanchez-Murillo did not file a written notice updating his address, and the Court issued an order explaining that he must file his updated address with the Court. (ECF No. 7.) The Court warned Sanchez-Murillo that if he did not file his current address with the Court by February 10, 2025, this case would be subject to dismissal without prejudice. (*Id.* at 1-2.) That order came back as undeliverable to the law library at Ely State Prison, but it appears to have been delivered to Sanchez-Murillo at High Desert State Prison. (ECF No. 8.) However, Sanchez-Murillo has not filed his updated address with the Court.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Sanchez-Murillo's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

2

"implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). This action cannot realistically proceed unless the Court can send Plaintiff case-related documents, filings, and orders, and Plaintiff responds to the Court's orders. Therefore, the only alternative is to enter a second order setting another deadline. But Plaintiff either received the Court's order and deliberately ignored it, or he is not able to receive the Court's orders because he has not filed an updated address. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Sanchez-Murillo's failure to file an updated address in compliance with this Court's January 10, 2025, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Sanchez-Murillo wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address.

It is further ordered that Sanchez-Murillo application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

DATED THIS 3rd Day of March 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE